# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NORMA GRUBER, | : | CIVIL ACTION NO.: 10-6830 |
| *Plaintiff,* | : | |
| v. | : | |
| PPL GENERATION, LLC AND PPL SERVICES CORP., | : | |
| | : | **JURY TRIAL DEMANDED** |
| *Defendants.* | : | |

## ORDER

**AND NOW** this _____ day of _____, 2011, it is hereby **ORDERED and DECREED** that upon consideration of Defendants' Motion to Dismiss Plaintiff's Complaint and Plaintiff's Memorandum of Law in Opposition thereto, it is hereby **ORDERED** that Defendants' Motion to Dismiss Plaintiff's Complaint is hereby **DENIED.**

BY THE COURT:

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NORMA GRUBER, | : | CIVIL ACTION NO.: 10-6830 |
| | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| PPL GENERATION, LLC AND | : | |
| PPL SERVICES CORP., | : | |
| | : | JURY TRIAL DEMANDED |
| *Defendants.* | : | |

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**I.  INTRODUCTION:**

Plaintiff, Norma Gruber, hereby submits this Memorandum of Law in Opposition to Defendant's Motion to Dismiss Plaintiff Gruber's Complainant pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth herein below, Defendant's Motion should be dismissed in its entirety:

**II.  COUNTER STATEMENT OF FACTS:**

On November 22, 2010, Plaintiff Gruber filed a civil action Complaint in the United States District Court for the Eastern District of Pennsylvania alleging that the Defendant had subjected her to discrimination on the basis of her sex (female), in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991, at 42 U.S.C. §1981(a) ("Title VII"), and the

Pennsylvania Human Relations Act, 43 P.S. §951 et seq. ("PHRA").

Plaintiff Gruber has been employed by the Defendants from in or about November of 1991 until the present. (Complaint, ¶12). In or about August of 2002, the Defendants promoted Plaintiff Gruber to the position of Supervisor - Safety, Health & Environmental Resources. (Complaint, ¶13).

At all times relevant hereto, Plaintiff Gruber has maintained an exceptional job performance rating and an impeccable record as Supervisor - Safety, Health & Environmental Resources for the Defendants. (Complaint, ¶15). As recently as in or about early 2007, as a result of a significant increase in her job functions, Plaintiff Gruber met with the said Piatt to request that her position be evaluated for reclassification of grade and/or salary. Plaintiff Gruber's then current grade/Management Compensation Program ("MCP") was sixteen (16). (Complaint, ¶18).

Subsequent thereto, upon information and belief, Piatt reviewed Plaintiff Gruber's request with Nancy Licini ("Licini"), Human Resources Compensation Manager. Notwithstanding Plaintiff Gruber's request, Licini failed to undertake any such evaluation. (Complaint, ¶19). In or about late 2007, Robert Foltz ("Foltz") and John Tripoli ("Tripoli"), similarly situated male Supervisors - Safety, Health & Environmental Resources, requested that their jobs be evaluated for reclassification. (Complaint, ¶20).

In connection thereto, on or about October 1, 2008, the Defendants reclassified and elevated the positions of Foltz and Tripoli from MCP Level sixteen (16)

to MCP Level fifteen (15) (Note: a lower MCP level reflects a higher level job). As a result, Foltz and Tripoli were promoted to the position of Safety, Health & Environmental Compliance Managers. Said promotion created greater promotional opportunities and greater financial rewards for Foltz and Tripoli. (Complaint, ¶21).

The Defendants did not similarly reclassify Plaintiff Gruber's position despite the fact that Plaintiff Gruber has substantially greater job responsibilities than the said Foltz and Tripoli. (Complaint, ¶22). Upon learning of the reclassification of Foltz and Tripoli's positions, Plaintiff Gruber registered a complaint of sex discrimination with Piatt. Piatt failed to take steps to remedy the discrimination and instead responded by furnishing Plaintiff Gruber with the name of an employment discrimination attorney in Philadelphia. (Complaint, ¶23).

On or about October 9, 2008, Plaintiff Gruber requested that Defendants conduct an internal investigation into her allegations of sex discrimination with respect to the Defendants' failure to reclassify her position as they had done with Foltz and Tripoli. (Complaint, ¶24). Despite Plaintiff Gruber's internal complaints of sex discrimination, the Defendants failed to conduct any investigation and likewise failed to take steps to cause the discrimination to cease. (Complaint, ¶25). No legitimate business reason existed for the Defendants' failure to similarly reclassify Plaintiff Gruber's position as they had done with her male counterparts and it was solely a result of her sex, female. (Complaint, ¶26).

The actions of the Defendants, through their agents, servants and employees, in subjecting Plaintiff Gruber to unlawful sex discrimination in the workplace, constituted a violation of Title VII and the PHRA. (Complaint, ¶¶36, 40). As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendants in violation of Title VII and the PHRA, Plaintiff Gruber sustained permanent and irreparable harm, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon. (Complaint, ¶¶37, 41). As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendants in violation of Title VII and the PHRA, Plaintiff Gruber suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem. (Complaint, ¶¶38, 42).

As plainly set forth in Plaintiff Gruber's Complaint, she seeks (1) judgment in her favor and against the Defendants, (2) that Defendants pay to Plaintiff Gruber punitive damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as allowable, (3) that Defendants pay to Plaintiff Gruber pre and post judgment interest, costs of suit, and attorney and expert witness fees as allowed by law, (4) that Defendants restore four (4) vacation days utilized by Plaintiff Gruber in connection with the vindication of her rights under Title VII and the PHRA, and that the Court award such other relief as is deemed just and proper. (Complaint, ¶43).

## III. ARGUMENT:

### A. Legal Standard

When ruling on a motion to dismiss a complaint pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept as true all facts alleged in the Complaint and any reasonable inferences that can be drawn therefrom. Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3ᵈ Cir. 1990). This standard is very lenient and requires that the Court liberally construe the Complaint in favor of the Plaintiff. See Sabree v. Houston, 2003 U.S. Dist. LEXIS 1339, *4 (E.D. Pa. 2003). A Complaint cannot be dismissed unless the Plaintiff can prove no set of facts or allegations which justify relief. Crighton v. Schuylkill County, 882 F. Supp. 411, 414 (E.D. Pa. 1995).

The Federal Rules of Civil Procedure merely require that the Plaintiff set forth a short and plain statement of her claims to demonstrate that she is entitled to relief and to give the Defendant notice of her allegations. See Fed. R. Civ. P. 8(a)(2). The issue is not whether the Plaintiff will ultimately prevail on her claims, but rather whether she is entitled to offer evidence to support her claims. See City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 263 (3ʳᵈ Cir. 1998).

### B. The Court should Deny Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff has Suffered an Adverse Job Action.

The Court should deny Defendant's Motion to Dismiss Plaintiff Gruber's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) because, contrary to Defendant's

contention, Plaintiff Gruber has in fact suffered an adverse job action. To establish a prima facie case of sex discrimination under Title VII, a plaintiff must offer sufficient evidence that (1) she is a member of a protected class; (2) she is qualified for her position; and (3) that she suffered an adverse employment action under circumstances that give rise to an inference of unlawful discrimination. Jones v. Sch. Dist. of Philadelphia, 198 F.3d 403, 410-11 (3d Cir. 1999).[1]

In its brief, Defendant erroneously argues that Plaintiff Gruber's Complaint fails to allege any adverse job action. However, this contention curiously ignores the plain allegations contained in Plaintiff Gruber's Complaint. Specifically, Plaintiff Gruber alleges that, despite her request, the Defendant failed to evaluate and reclassify her position, which would have resulted in greater financial rewards and promotional opportunities had they done so, solely based on her sex. (Complaint, ¶18, 19). Plaintiff Gruber further alleges that in stark contrast, the Defendant evaluated and reclassified the positions of similarly situated male employees, thereby resulting in greater financial rewards and promotional opportunities. (Complaint, ¶20-22).

Plaintiff Gruber's Complaint contains sufficient allegations that she suffered an adverse employment action as a result of the Defendants' failure to evaluate and reclassify her position because of her sex. Accordingly, the Defendants' Motion to Dismiss Plaintiff Gruber's Complaint should be denied.

---

[1] Claims arising under the PHRA are analyzed under the same framework as those arising under Title VII. Jones, 198 F.3d at 409.

### C. *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't of Health and Human Resources* is Wholly Inapplicable to the Case at Bar.

Defendant has mischaracterized the relief sought by Plaintiff Gruber in this action. In its Brief, the Defendant argues that the sole relief sought by Plaintiff Gruber is reimbursement of her counsel fees and reinstatement of vacation days. In an attempt to mislead the Court, the Defendant contends that Plaintiff Gruber solely seeks damages pursuant to the "catalyst theory," which has been rejected by the Supreme Court in Buckhannon Bd. and Home Care, Inc. v. West Virginia Dep't of Health and Human Resources, 532 U.S. 598 (2001).

The Defendant disingenuously ignores that Plaintiff Gruber specifically seeks judgment in her favor that Defendant violated Title VII and the PHRA and that, should she prevail on those claims, she would be entitled to recover punitive damages, compensatory damages for emotional distress, and any other relief deemed just and proper by the Court. (Complaint, ¶43). Plaintiff Gruber's Complaint does not allege that she is a "prevailing party" as the Defendant so states. It is patently clear from the face of her Complaint that Plaintiff Gruber alleges that the actions of Defendant, in subjecting her to discrimination based on her sex, were in violation of Title VII and the PHRA and that she is entitled to recover all of the relief sought in her Complaint, not solely the relief highlighted by Defendant in its Motion.

It is readily discernible from the face of Plaintiff Gruber's Complaint that she is seeking a judgment on the merits of her sex discrimination claims arising out of Title VII

and the PHRA, as well as punitive damages, compensatory damages for emotional distress, attorney's fees and costs, and any other relief deemed just and proper by the Court. Ergo, the Defendants' Motion to Dismiss Plaintiff Gruber's Complaint must be denied.

## IV. <u>CONCLUSION</u>:

For the reasons set forth herein above, the Defendant's Motion to Dismiss should be denied in its entirety.

SIDNEY L. GOLD & ASSOCIATES, P.C.

By: /s/Sidney L. Gold, Esquire
SIDNEY L. GOLD, ESQUIRE
Identification No.: 21374
TRACI M. GREENBERG, ESQUIRE
Identification No.: 86396
1835 Market Street, Suite 515
Philadelphia, PA 19103
**Attorneys for Plaintiff**

Dated: January 24, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused a true and correct copy of **Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss Plaintiff's Complaint** to be served by first class regular mail, postage prepaid and/or via electronic mail (available for viewing on the Court's ecf system) upon the following:

Malcolm J. Gross, Esquire
Kimberly G. Krupka, Esquire
GROSS McGINLEY, LLP
33 S. Seventh Street
P.O. Box 4060
Allentown, PA 18105-4060
&
Steven D. Hurd, Esquire
Patrick J. Lamparello, Esquire
PROSKAUER ROSE, LLP
Eleven Times Square
New York, NY 10036-8299

SIDNEY L. GOLD & ASSOCIATES, P.C.

By: /s/Sidney L. Gold, Esquire
SIDNEY L. GOLD, ESQUIRE
Identification No.: 21374
TRACI M. GREENBERG, ESQUIRE
Identification No.: 86396
1835 Market Street, Suite 515
Philadelphia, PA 19103
**Attorneys for Plaintiff**

Dated: January 24, 2011